Kansas State Bank of Kansas, Illinois, Plaintiff, v. G. M. Young and William Walker, Trading as Gateway Tourist Court, Defendants.

William Walker and Ruby Sublett, Trading as Gateway Tourist Court, Appellants, v. G. M. Young and Kansas State Bank of Kansas, Illinois, Appellees.

### Gen. No. 9,735.

Opinion filed March 7, 1951. Released for publication April 3, 1951.

Cotton & Massey, of Paris, for appellants; Robert F. Cotton, and Earl R. Anderson, both of Paris, of counsel.

Harvey Gross, of Paris, for appellees.

MR. JUSTICE WHEAT delivered the opinion of the court.

This action was originated by the Kansas State Bank of Kansas, Illinois, a corporation, which filed a complaint in the nature of an interpleader, against G. M. Young and William Walker, alleging its issuance to Young of a bank money order or cashier's check in the sum of $1,500; that Young indorsed and delivered such order to Walker and later directed the bank to stop payment on the same, which was done when it was presented by Walker for payment. The bank requested that it be authorized to pay the sum of $1,500 to the clerk of the court pending the adjudication of the rights of the parties, which was so ordered. Both Young and Walker filed cross-complaints claiming the money. The trial court, after a hearing without jury, found that there was no legal consideration for the indorsement and delivery of the order by Young to Walker, and ordered the money to be paid to Young. This appeal follows.

The cross-complaint of Young alleged that he received the order from the bank on December 10, 1948; that he later indorsed and delivered the same to Walker, but that he received no legal consideration therefor, receiving chips for gambling purposes; that he gambled and lost such chips in a place owned and operated by Walker; that he directed the bank to stop payment on such order. The cross-complaint of Walker alleged that upon indorsement and delivery of the order by Young, the latter was given by Walker the sum of $1,500 in United States currency, and that no other consideration was requested, offered or received. The sole issue thus was: was there a legal consideration for the indorsement and delivery of the order by Young to Walker, to wit: $1,500 in currency, or did the consideration consist of chips for gambling purposes? The trial court designated Walker as plaintiff and

Young as defendant for the purpose of trial. Subsequently Ruby Sublett was added as a party to the suit so that the Walker cross-complaint appears as filed by William Walker and Ruby Sublett, d/b/a Gateway Tourist Court.

It is unnecessary to detail the testimony on behalf of the parties, but it is sufficient to say that it is in direct conflict. That on behalf of Young is to the effect that he was a livestock dealer; that on the day in question he made a sale for which he received a check for $1,500; that he went to said bank and received the order in question; that on his return trip to his home in Murfreesboro, Tennessee, he and a companion stopped at a place known as Walker's Tavern near Henderson, Kentucky; that he engaged in a dice game operated by Walker and his employees, and that after losing the currency he carried with him he indorsed and delivered to Walker the order in question, receiving from time to time various amounts of chips, representing a total value of $1,500 which he subsequently lost in the game. That these chips for gambling purposes represented the only consideration for the indorsement and delivery of said order.

The testimony on behalf of Walker is to the effect that he and Ruby Sublett operated the Gateway Tourist Court near Henderson, Kentucky; that at one time he operated the tavern known as Walker's Tavern which is located about a mile from the tourist court; that in July 1947, he leased the tavern to one Abel and has since had no interest in the operation of it, although he continued to maintain an office in one end of the building; that Young entered the tourist court office on the day in question, at which time Walker cashed the order by giving Young $1,500 in currency; he denied that he had seen or met Young in the tavern and denied the latter's allegations as to gambling.

The trial court indicated that because of the conflict in testimony, perjury was necessarily involved, after which a stipulation was entered into by the parties relating to other financial transactions between them prior to the one in question. The court then found that there was no legal consideration for the transfer of the order from Young to Walker, and entered an order that the sum of $1,500 be paid by the clerk to Young. It is assigned as error that the judgment is contrary to the law and the evidence, is against the manifest weight of the evidence; that the court did not require Young to prove his affirmative defense by a preponderance of the evidence, and that the court refused to consider the additional evidence produced pursuant to the stipulation.

█ It has been held so many times as not to require the citation of authorities that in a case wherein there is a sharp conflict as to the testimony, the judgment of the trial court will not be disturbed unless it is against the manifest weight of the evidence, as the trial judge had the opportunity of observing the witnesses while testifying, and was in a better position than this court now is, to determine the weight to be given the evidence and to determine the credibility of the witnesses.

█ It cannot be said that the judgment of the court was contrary to the manifest weight of the evidence, nor that it did not preponderate in favor of Young. Nothing indicates that the trial court did not consider all of the evidence adduced. The judgment of the circuit court is affirmed.

*Affirmed.*